981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd FLEWITT, Defendant-Appellant.
 No. 90-50545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Dec. 23, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 B. Todd Flewitt appeals his conviction on seven counts of mail fraud in violation of 18 U.S.C. § 1341 (1988). Specifically, Flewitt argues the district court erred both in admitting particular impeachment evidence and in giving a particular jury instruction. We affirm.
 
 
 3
 * Admission of Evidence to Impeach Codefendant
 
 
 4
 Flewitt contends the district court improperly allowed the impeachment of a defense witness with evidence of the witness's guilty plea in the same matter for which Flewitt stood trial. We review the district court's decision to admit evidence of a prior conviction for abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir.1991).
 
 
 5
 The admissibility of a codefendant's guilty plea turns on the purpose for which it is offered. United States v. Halbert, 640 F.2d 1000, 1004 (9th Cir.1981). "As a principle of general acceptance, the guilty plea ... of a codefendant may not be offered by the government ... as substantive evidence of the guilt of those on trial." Id. However, when the purpose for offering the evidence is "to further the jury's difficult task of evaluating credibility, it is relevant and admissible without reference to the identity of the offering party." Id.
 
 
 6
 "It is manifestly apparent that evidence of the plea is relevant to credibility regardless whether government or defendant initiates inquiry about it." Id. "[I]ntroduction of the guilty plea as evidence of credibility requires that the plea be brought to the jury's attention, but does not sanction allowing the subject to be disproportionately emphasized or repeated." Id. at 1005.
 
 
 7
 Reviewing the record in this case, we conclude the district court properly admitted the evidence concerning the defense witness's guilty plea as impeachment evidence of his testimony. The witness's plea of guilty shed light on his testimonial claim of innocent intent and was thus relevant. Our analysis is not altered by the fact that the plea might have been an Alford plea. North Carolina v. Alford, 400 U.S. 25, 37-39 (1970) (defendant may plead guilty without admitting commission of crime). The implication of an Alford plea goes to the weight of the evidence, not the admissibility. Furthermore, the prosecutor carefully limited her inquiry into the guilty plea, eliciting no more than the fact the witness had pleaded guilty in the same matter for which defendant now stood trial. The discussion of the witness's guilty plea both on cross-examination and in closing remarks properly focused the jury's attention on the credibility of the witness.
 
 
 8
 To further protect against potential abuses, however, "both trial and reviewing courts have responsibility to insure that evidence of the plea is being offered by the prosecutor and used by the jury only for a permissible purpose." Halbert, 640 F.2d at 1005. "Accordingly, where the prosecutor has elicited evidence of a codefendant's guilty plea, the trial court must provide adequate cautionary instructions that make it clear to lay people that evidence of a witness' own guilty plea can be used only to assess credibility." United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989) (internal quotations omitted), amended, 902 F.2d 18 (9th Cir.), cert. denied, 111 S.Ct. 64 (1990). "At the very least, the jury 'should be told in unequivocal language that the plea may not be considered as evidence of a defendant's guilt.' " United States v. Smith, 790 F.2d 789, 793 (9th Cir.1986) (quoting Halbert, 640 F.2d at 1007)).
 
 
 9
 Here the jury was never specifically instructed that the witness's guilty plea could not be considered as evidence of the defendant's guilt. Flewitt's counsel, however, failed to request either a contemporaneous limiting instruction or an additional instruction to be given as part of the charge. "Consequently, the trial judge was not given an opportunity to cure any defect in the instruction." Id. "Errors not brought to the attention of the trial court will be noticed on appeal only if 'particularly egregious.' " Id. (quoting United States v. Frady, 456 U.S. 152, 163 (1982)). Where no objection was made at trial, we will correct "only those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations omitted).
 
 
 10
 This lack of a specific limiting instruction notwithstanding, the court did instruct the jury that the disposition in the witness's case "should not control or influence your verdict with reference to the remaining defendant, and you must base your verdict as to [the defendant] solely on the evidence presented at this trial." The court also instructed the jury, "Prior conviction ... is merely a circumstance which you may consider in determining the credibility of a witness." Finally, there is no indication that testimony concerning the witness's guilty plea was either elicited for improper purposes or unduly emphasized. Under these circumstances, the failure to properly instruct the jury with the specific language from Halbert was not a "particularly egregious" error and does not warrant reversal.
 
 II
 
 11
 "Consciousness of Guilt" Instruction
 
 
 12
 Flewitt argues the district court erred in giving a "consciousness of guilt" jury instruction based upon defendant's refusal to obey a court order to provide a handwriting sample. The district court's decision to give a jury instruction is reviewed for abuse of discretion. Perkins, 937 F.2d at 1401.
 
 
 13
 We have held "[a]n attempt by a criminal defendant to suppress evidence is probative of consciousness of guilt and admissible on that basis." United States v. Castillo, 615 F.2d 878, 885 (9th Cir.1980). The defendant's failure to provide a court-ordered handwriting sample, as with fingerprints or a voice exemplar, "deprives the government of evidence that is directly related to the defendant's guilt or innocence of the underlying crime." United States v. Wagner, 834 F.2d 1474, 1484 (9th Cir.1987). The "consciousness of guilt" instruction allows "the jury [to] infer the defendant's guilty from his failure to comply with a court order to furnish a handwriting specimen...." Id.
 
 
 14
 In Wagner, however, we held a defendant's refusal to submit to a mental examination does not warrant the giving of a "consciousness of guilt" instruction because "none of [the defendant's] statements during the examination could have been used to establish his guilt at trial...." Id. There, "[t]he chain of inferences between a defendant's refusal to be examined and his guilt of the underlying crime is, at best, much too attenuated and speculative to support a 'consciousness of guilt' instruction." Id. at 1485.
 
 
 15
 In the instant case, Flewitt contends "[i]n order for there to be 'consciousness of guilt' it must be shown the Government was deprived of evidence needed to convict." This contention, however, does not follow from Wagner. The "chain of inference" from defendant's refusal to comply with a court order and his guilt of the underlying crime does not depend on the amount of evidence collected by the government. Instead, the court must examine whether the desired evidence "could have been used to establish [the defendant's] guilt at trial."
 
 
 16
 Here, a sample of Flewitt's handwriting could have been used at trial to show his involvement in the mail fraud scheme. Therefore, his refusal to comply with the court order to provide a handwriting sample did suppress evidence. Wagner only requires that the evidence suppressed could have been used to establish the defendant's guilt at trial, not that the evidence be either the only or the best evidence of defendant's guilt. The district court did not err in giving the jury the "consciousness of guilt" instruction.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3